**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:   STEPHEN TSAI,                              Chapter 7
                                                    Case No. 10-10083 (RTL)
           Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
STEPHEN TSAI and
IRENE K. WANG,
                                                    Adversary Proceeding
           Plaintiffs,                              Case No. 11-01762 (RTL)
      v.

COMMISSIONER OF INTERNAL
REVENUE,

           Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM OPINION**

**APPEARANCES:**

**Stephen Tsai**
**Irene K. Wang**
**Plaintiffs Pro Se**

**Allie C. Yang-Green, Esq.**
**Trial Attorney, Tax Division U.S. Department of Justice**
**Attorney for Defendant Internal Revenue Service**

**RAYMOND T. LYONS, U.S.B.J.**

**INTRODUCTION**

Plaintiffs seek a determination of their Federal income tax liability.  The Internal Revenue Service ("IRS") audited Plaintiffs' tax returns for 2007 and 2008 and disallowed many deductions claimed by Debtor, Stephen Tsai, related to his law practice.  After discovery was completed,

1

Defendant moved for summary judgment asserting that plaintiffs have no admissible evidence to meet their burden of proving deductions for ordinary business expenses. Plaintiffs responded with Debtor's sworn certifications that the expenses were incurred in operating his law practice together with his ledger of receipts and disbursements and W-2s for wages paid. Debtor also prepared a summary of his ledgers that organized the expenses into categories and tried to reconcile those expenses with Plaintiffs' joint tax returns. At his deposition Debtor testified that he kept a log of his out-of-pocket expenses including details of his travel by personal automobile including mileage, tolls and parking. Also, Debtor apparently produced to the IRS his log plus the payroll records from a payroll processing company, although he has not submitted those documents to the court. At his deposition, Debtor testified that he kept his bank statements and cancelled checks, but was unable to locate them. The court holds that Debtor's ledger and W-2s may be admissible as business records under Fed. R. Evid. 803(6) and corroborate his testimony. His summary may be admissible under Fed. R. Evid. 1006.

Section 274 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 274, requires additional substantiation for automobile expenses and gifts. Debtor's log, which he testified about and produced for the IRS but has not submitted to the court, might satisfy the additional substantiation requirements of IRC section 274 regarding his travel expenses and use of his personal automobile. No additional documentation appears to be available for gifts, so Plaintiffs cannot prove an allowable deduction for gifts. Therefore, Defendant's motion for summary judgment is granted with regard to any deduction claimed for gifts and denied as to the automobile expenses.

Regarding, those deductions not covered by section 274, the court will grant summary judgment as to wages for Plaintiffs, contract labor for Plaintiffs and their relatives, and interest.

Summary judgment is denied as to all other deductions. First, Plaintiffs deducted wages paid to themselves from Debtor's law practice. Debtor operated a sole proprietorship, so it does not make sense for him to pay himself wages and seek a deduction from his income. Additionally Debtor certified that his spouse played no role in the law practice, so wages paid to her would not seem to be a valid business expense. Defendant is entitled to summary judgment with regard to wages paid to Debtor himself and his spouse. Debtor has stated that he and his spouse declared the wages paid by the law firm on their income tax returns for the years in question, but no documentation of that has been provided to the court. If that is so, Plaintiffs' taxable income for those years should be re-determined. Second, Debtor claims to have paid contract labor for persons who appear to be relatives. Without corresponding W-2s or 1099s, payments to relatives would not appear to be valid business expenses. Defendant will be granted summary judgment with regard to contract labor payments to relatives. Third, Plaintiffs claim a deduction for interest expenses that appear to be finance charges on credit cards. No evidence has been introduced to show that the finance charges related to business as opposed to personal expenses, so Defendant's motion for summary judgment will be granted disallowing any interest deduction.

## **JURISDICTION**

This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. Pursuant to 11 U.S.C. § 505(a) this court may determine the amount of tax owed by Debtor.

## BACKGROUND

Debtor, Stephen Tsai, filed for relief under Chapter 7 of the Bankruptcy Code. Prior to bankruptcy, Debtor and his wife, Irene K. Wang, (together "Plaintiffs") filed joint Federal income tax returns for 2007 and 2008. The IRS audited Plaintiffs' returns and disallowed most of the expenses claimed by Debtor related to his law practice. The IRS filed a proof of claim in this bankruptcy case for the deficiency, penalty and interest assessed following the audit. The instant adversary proceeding was commenced by Plaintiffs, seeking a determination that the IRS erroneously disallowed some of Plaintiffs' deductions for tax years 2007 and 2008.

The IRS served discovery requests on Plaintiffs seeking production of all documentation to support the deductions for Debtor's law practice. When Plaintiffs failed to respond timely to the IRS's discovery requests, the IRS moved to compel compliance. The court granted the IRS's motion. Debtor produced a ledger he maintained showing the receipts and disbursements of his law practice and a log he kept of expenses for mileage, tolls, parking and other petty cash expenses. The IRS also conducted a deposition of Debtor. At his deposition, Debtor testified that he used a Word document to record all receipts and disbursements from his law office business checking account. He referred to this document as his ledger. In addition, Debtor maintained a log of his mileage for travel on law firm business and cash advanced for parking, tolls, postage and the like. The log noted the date of travel, the mileage and the client file to which the expense pertained. Trips to the bank, post office, and the like were recorded as administrative expenses. Periodically he would write a check from the office account to reimburse himself for the cash expenses he had advanced. At his deposition, Debtor testified that he received bank statements for his law office checking account, reconciled those statements and kept them in a

folder, but he could not find those records.

After completing discovery the IRS moved for summary judgment on the basis that Plaintiffs had not produced sufficient evidence to meet their burden of proving the deductions that were disallowed by the IRS. Plaintiffs oppose the motion. Debtor submitted his certification that all expenses were incurred in the operation of his law practice. He noted that when he was audited he provided the auditor with several hundred pages of records including his ledger, logs, and the payroll records from his payroll processing company, ADP. Debtor also recreated a summary from his ledger that organized the disbursements into categories that corresponded with the itemized deductions claimed on Plaintiffs' joint tax returns and filed that summary with the court. The court gave Plaintiffs an additional opportunity to submit cancelled checks, bank statements, loan documents, invoices, receipts or other documents to substantiate their deductions. In response Debtor filed an additional certification and a complete copy of his 73-page ledger plus copies of W-2 statements issued to his employee, his wife and himself.

## LEGAL STANDARD

*Summary Judgment Standard*

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). As the Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotation and citation omitted). "In deciding a motion for summary judgment, the judge's function is . . . to determine if

5

there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir. 1993).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact . . . ." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 323). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Reasonable inferences are drawn in favor of the non-moving party. *Ullrich v. U.S. Secretary of Veterans Affairs*, 457 F.App'x. 132, 136 (3d Cir. 2012).

### *Deficiency Determination*

Deductions are a matter of legislative grace and the taxpayer bears the burden of proving that a claimed deduction is allowable. *INOPCO, Inc. v. Comm'r,* 503 U.S. 79, 84 (1992). Deficiency determinations by the IRS are presumed correct and the burden of producing evidence to rebut that presumption is on the taxpayer. *Helvering v. Taylor*, 293 U.S. 507 (1935); *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000); *Resyn Corp. v. United States*, 851 F.2d 660, 662-63 (3d Cir. 1988). Taxpayers are required to maintain records as prescribed by the Secretary of the Treasury. 26 U.S.C. § 6001 (2012).

Under IRC section 162, a taxpayer may deduct ordinary and necessary expenses paid or incurred in carrying on any trade or business. 26 U.S.C. § 162 (2012). Although the IRC and regulations require a taxpayer to maintain records, courts have recognized that not all taxpayers have exemplary records. Early in the history of Federal income tax jurisprudence, Judge Learned

6

Hand recognized that when a taxpayer has no records, but it is certain he incurred expenses and he provides some evidence of the amount spent, the court should estimate the amount and allow the deduction. *Cohan v. Comm'r*, 39 F.2d 540, 543-44 (2d Cir. 1930). The Cohan rule remains accepted precedent. Jay A. Soled, *Exploring and (Re)Defining The Boundaries of the Cohan Rule*, 79 TEMP. L. REV. 939, 946 (2006). If a taxpayer establishes that an expense should be allowable under IRC section 162(a), but cannot substantiate the amount of the expense, the court may approximate the amount "if there is sufficient evidence to provide a basis for the estimate." *Fernandez v. Comm'r*, 102 T.C.M. (CCH) 242, (2011). In some circumstances credible testimony alone will satisfy the taxpayer's burden of proof. *Furnish v. Comm'r*, 82 T.C.M. (CCH) 821 (2001); *Laurano v. Commissioner*, 69 T.C. 723 (1978).

However, the Internal Revenue Code requires substantiation by written records of certain expenses. IRC section 274 provides:

> (d) Substantiation required.--No deduction or credit shall be allowed--
>> (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home),
>> (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,
>> (3) for any expense for gifts, or
>> (4) with respect to any listed property (as defined in section 280F(d)(4)),
>
> unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. The Secretary may by regulations provide that some or all of the requirements of the preceding

> sentence shall not apply in the case of an expense which does not exceed an amount prescribed pursuant to such regulations. This subsection shall not apply to any qualified nonpersonal use vehicle (as defined in subsection (i)).

26 U.S.C § 274 (2012). In turn, IRC section 280F(D)(4) provided, for tax years 2007 and 2008, that listed property included passenger automobiles. 26 U.S.C § 280F(D)(4).

## **DISCUSSION**

Section 505 of the Bankruptcy Code provides that a court "may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax . . . ." 11 U.S.C. § 505 (2012). "A bankruptcy court adjudicating a tax claim must apply the burden of proof rubric normally applied under the governing tax law." *Erez Health Care Realty Co., L.L.C. v. Twp. Of Toms River* (*In re Erez Health Care Realty Co., L.L.C.*), Adv. No. 09-1738, 2011 W 5900807, at *1 (Bankr. D.N.J. 2011).

As evidence, Plaintiffs provided Debtor's certifications that all expenses were related to his law practice together with copies of his ledgers of receipts and disbursements from the law office checking account as well as W-2s. He also prepared a summary of his ledger that categorized the disbursements to correspond with the deductions claimed on Schedule C of the joint tax returns. At his deposition Debtor testified about his practice of keeping his ledger as a Word document wherein he would record all receipts as they were deposited into the checking account and the details of all checks written with the date, amount, payee and an explanation of the expense. For checks written to a credit card company he would record the individual charges on the card that were business related. He also testified that he kept a written log as a separate Word document

detailing his out-of-pocket expenditures including mileage, tolls and parking for use of his passenger automobile. He has produced that log to Defendant but not the court. Also, Debtor gave the IRS a copy of the payroll records from his payroll processing company, but has not supplied that to the court.

Defendant argues that Debtor's ledger is a self-serving statement and not a record that substantiates that an expense was incurred. Defendant asserts that Debtor's ledger and summary are inadmissible hearsay. The Federal Rules of Evidence, Rule 803(6), provides:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> . . .
> (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:
> > (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> > (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> > (C) making the record was a regular practice of that activity;
> > (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> > (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

FED R. EVID. 803(6).

It appears that the ledgers and W-2s may satisfy Rule 803(6) and may be admissible as an exception to the hearsay rule. This case is distinguishable from *Mays v. U.S.*, 763 F.2d 1295 (11th Cir. 1985) where, after audit, the taxpayer created a computer printout summarizing his business expenses. That was not admissible as a business record kept contemporaneously with the transactions it reflected. In this case, it appears Debtor may be able to satisfy the business records exception to the hearsay rule. In addition the summary he prepared may be admissible under Rule

9

1006. FED R. EVID. 1006.

## I. PARTICULAR DEDUCTIONS

*Wages*

Plaintiffs claimed deductions for wages paid for tax years 2007 and 2008 of $14,457 and $12,246, respectively. The IRS disallowed these deductions in their entirety. Plaintiffs now assert that their deductions should be $14,458.51 for 2007 and $12,245.79 for 2008.

Here, Plaintiffs have provided Mr. Tsai's testimony corroborated by his ledgers and W-2s justifying at least some of the deductions. There is a discrepancy between the ledgers provided, which total $14,458.51 for 2007, and the W-2s provided for the same tax year, which total $12,040.75. The same is true for 2008, where the ledgers total $12,245.79 and the W-2s total $11,201.26. W-2s provide a much stronger indication that the expense was both "ordinary and necessary."

Oddly, Debtor issued a W-2 to himself. Since he operated his law practice as a sole proprietorship he is not entitled to deduct wages paid to himself. Additionally, Debtor issued a W-2 to his spouse, the co-Plaintiff, Irene Wang. As count 2 of their adversary complaint, Plaintiffs claimed that Irene Wang should not be liable for taxes related to Debtor's law practice under the innocent spouse rule. They submitted certifications claiming the Ms. Wang had no involvement in the law practice. It would be inconsistent with their prior testimony to now claim that wages paid to Ms. Wang were ordinary expenses of the law practice. Defendant is entitled to summary judgment disallowing the deductions on Schedule C for wages paid to Debtor and his spouse.

Plaintiffs counter that they included the wages as income on the first page of their tax

returns for the years in question. The court has not seen those returns, but if that is so, an appropriate adjustment should be made.

### *Contract Labor*

Plaintiffs claimed deductions resulting from contract labor for tax years 2007 and 2008 of $10,294 and $13,320, respectively. The IRS disallowed these deductions in their entirety. Plaintiffs now, after "re-compilation," assert that their deductions should be $11,399.44 for 2007 and $14,515.15 for 2008.

The certification submitted in opposition to the summary judgment motion provides that all expenditures "concerned the business" of running the law offices. Some of the ledger entries seem self-explanatory in the context of a law office (for example, "Guaranteed Subpoena"). Other ledger entries have memos that explain that the expenditures were for "temporary help," "contract work," or "computer consultant." There is a disputed issue of fact as to whether these particular expenditure categorized as contract labor were actually ordinary and necessary expenses of the law practice. Plaintiffs should be permitted to offer evidence more completely explaining these entries. Summary judgment is not appropriate for those items.

However, certain payees, such as Cindy Tsai, Lillian Tsai, Stephen Tsai, Irene Wang, Lisa, "Auntie" Huang, and "Auntie" Meng, appear to be relatives of Plaintiffs, or Plaintiffs themselves. Expenditures for labor by relatives, without evidence of a paycheck, W-2, 1099-MISC, or the like is generally insufficient to justify a deduction. *See e.g., Bulas v. Comm'r*, 102 T.C.M. (CCH) 182 (2011); *Fessey v. Comm'r*, 100 T.C.M. (CCH) 189 (2010). In *Fessey*, the taxpayer sought the allowance of wages paid to his two children. However, the taxpayer failed to produce W-2s, Wage and Tax Statements, or any other records. The Tax Court found that the taxpayer's

11

testimony, on its own, was insufficient. *Fessey*, 100 T.C.M. (CCH) 189.

Likewise, Plaintiffs in the case at bar have failed to provide sufficient evidence that payments to relatives without W-2s or 1099s were for business expenses. Summary judgment is granted in favor of the IRS on this issue.

### *Other Expenses*

Plaintiffs claimed deductions resulting from "other expenses" (filing fees, recording fees, books, memberships, gifts, etc…) for tax years 2007 and 2008 of $15,268 and $30,846[1], respectively. The IRS disallowed these deductions in their entirety. Plaintiffs now assert that their deductions should be $16,859.98[2] for 2007 and $14,559.56[3] for 2008.

Except for gifts, such expenses appear to be necessary to the operation of a law practice. Debtor's testimony corroborated by his ledger, log and summary may suffice to carry Plaintiffs' burden of proof. Therefore, summary judgment will not be granted as to this issue.

However, gifts are covered by IRC section 274(d)(4) and for a taxpayer to receive a deduction for gift expenses, the taxpayer must satisfy substantiation requirements. Plaintiffs have not submitted evidence to satisfy the substantiation requirements of IRC section 274, therefore they cannot sustain their burden of proof regarding gifts. To the extent gifts are including among the "other expenses" defendant's motion for summary judgment is granted.

### *Interest – Other*

Plaintiffs claimed deductions resulting from non-mortgage interest paid for tax years 2007 and 2008 of $21,034 and $30,846, respectively. The IRS disallowed these deductions in their

---

[1] The numbers provided in debtor's certification actually total $24,809.00.
[2] The numbers provided in debtor's certification actually total $16,862.98.
[3] The numbers provided in debtor's certification actually total $20,497.60.

entirety. Plaintiffs now assert that their deductions should be $21,179.80 for 2007 and $25,742.09 for 2008.

No loan agreements have been provided. Debtor's ledgers indicate payments to what appear to be credit card issuers with part of each payment allocated to finance charges. Plaintiffs have not provided credit card statements and there is no indication that the credit cards were used exclusively for business and not for personal expenses. Therefore, summary judgment will be granted to Defendant on this issue.

### *Automobile Expenses*

Plaintiffs claimed a $10,670 deduction resulting from car and truck expenses for the tax year 2007. The IRS disallowed this amount in its entirety. Plaintiffs now assert that their deductions should be $4,665.41 based on miles driven for business purposes.

Automobiles are also covered by section 274(d)(4), which provides that in order for a taxpayer to receive a deduction for an automobile expense, the taxpayer must satisfy substantiation requirements. The taxpayer must

> substantiate[] by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, amusement, recreation, or use of the facility or property, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility or property, or receiving the gift. . . .

26 U.S.C. § 274

Generally, in the case of automobile expenses, adequate contemporaneous records combined with corroborating evidence will be sufficient to justify a deduction. *See, e.g.*, *Larson v. Comm'r*, 96 T.C.M. (CCH) 73 (2008) (non-contemporaneous monthly travel logs prepared from

weekly logs in turn prepared from contemporaneous daily logs combined with testimony on the methodology of preparing the logs, were sufficient to justify a deduction even if the daily and weekly logs were not produced at trial); *Reems v. Comm'r*, 67 T.C.M. (CCH) 3050 (1994) (contemporaneous records of mileage and expenses, combined with testimony at trial, were sufficient to justify automobile deduction).

Here, Debtor's logs, which the court has not seen, but the IRS has, and about which Debtor testified at his deposition, may be sufficient to justify the deduction.   Therefore, summary judgment will be denied as to this issue.

## **CONCLUSION**

Based on the foregoing, the motion for summary judgment will be granted as to gifts, wages for Plaintiffs, contract labor for Plaintiffs and their relatives, and interest.   Summary judgment is denied as to all other deductions.


Dated:   August 21, 2012              */S/ Raymond T. Lyons*
                                      United States Bankruptcy Judge

14